IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| JUAN RIVERA RIVERA | § | |
| DEFENDANT-PETITIONER, | § | |
| VS. | § | CRIM.NO: 99-CR-255-01 (JAG) |
| UNITED STATES OF AMERICA | § | CIVIL NO: _____ . |
| RESPONDENT, | § | |

MOTION TO MODIFY SENTENCE

ELIGIBILITY FOR CONSIDERATION UNDER

18 U.S.C. § 3582 (c)(2)

AND MEMORANDUM OF LAW IN SUPPORT

TO THE HONORABLE PRESIDING JUDGE, HECTOR M. LAFFETTE:

COMES NOW, DEFENDANT-PETITIONER, JUAN RIVERA RIVERA, WHO HAS BEEN SENTENCED TO A TERM OF IMPRISONMENT BASED ON A SENTENCING RANGE THAT HAS SUBSEQUENTLY BEEN LOWERED BY THE SENTENCING COMMISSION PURSUANT TO 28 U.S.C. § 994(o).

NEW FEDERAL SENTENCING GUIDELINES FOR CRACK COCAINE OFFENDERS WENT INTO EFFECT **NOVEMBER 1, 2007 AND MADE RETROACTIVE ON DECEMBER 11, 2007 PURSUANT TO AMENDMENT § 706.**

## JURISDICTION

THIS COURT HAS JURISDICTION AND AUTHORITY TO GRANT PETITIONER'S CLAIMS. ACTING IN PRO/SE IN THIS CASE, RESPECTFULLY MOVES THIS HONORABLE COURT TO **VACATE AND MODIFY HIS CURRENT SENTENCE PURSUANT TO TITLE 18 U.S.C. § 3582 (c)(2), BASED ON AMENDMENT NUMBER § 706 TO THE FEDERAL SENTENCING GUIDELINES.**

THE PETITIONER SEEKS **RETROACTIVE APPLICATION OF THIS AMENDMENT** AND SEEKS A REDUCTION OF PETITIONER'S CURRENT SENTENCED BASED ON THE FOLLOWING REASONS STATED IN THIS MOTION AND PRECEDENT AUTHORITY.

## CHARGE AND CONVICTION

1. ON AUGUST 19, 1999, PETITIONER WAS ARRESTED AND WAS CHARGED BY WAY OF A MULTICOUNT INDICTMENT FILED IN THE DISTRICT OF PUERTO RICO. UNDER **TITLE 21; § 841 (a)(1) & 846** FOR POSSESSION WITH INTENT TO DISTRIBUTE COCAINE BASE.

2. ON MARCH 06, 2000, PETITIONER APPEARED BEFORE THE COURT WITH COUNSEL AND PLED GUILTY TO **COUNT ONE OF THE INDICTMENT, AND THE REMAINING COUNTS WERE DISMISSED ON A MOTION BY THE GOVERNMENT.**

3. ON JUNE 28, 2000, PETITIONER WAS SENTENCED TO A TERM OF 360 MONTHS. PETITIONER WAS THEN BROUGHT BACK TO COURT AND **RESENTENCED ON JANUARY 23, 2004, TO A TERM OF 168 MONTHS, FOR CHANGED CIRCUMSTANCES UNDER FED. R. CRIM. P. 35(b) AND 18 U.S.C. § 3553(e)).** THIS SENTENCE WAS BASED UPON A GUIDELINE RANGE OF 33 AND A CRIMINAL HISTORY CATEGORY OF III.

## ARGUMENT

SINCE THE PETITIONER'S CONVICTION HAS BECOME FINAL THE FEDERAL SENTENCING COMMISSION HAS SUBSEQUENTLY LOWERED THE SENTENCING GUIDELINE RANGES PERTAINING TO **COCAINE BASE (CRACK COCAINE)** OFFENSES UNDER U.S.S.G. § 2D1.1 PURSUANT TO TITLE 28 U.S.C. § 994(o) AND TITLE 18 U.S.C. § 3582 (c)(2), RESPECTFULLY.

SPECIFICALLY THE PETITIONER REQUESTS A RESENTENCING AND RETROACTIVE APPLICATION OF **AMENDMENT NUMBER 706** IN THIS CASE. UNDER THIS PARTICULAR AMENDMENT THIS COURT HAS THE **JURISDICTION AND AUTHORITY TO REDUCE PETITIONER'S CURRENT SENTENCE AN ADDITIONAL TWO LEVELS.** THIS WOULD PLACE PETITIONER'S GUIDELINE RANGE UNDER **CRIMINAL HISTORY III.** LEVEL 31 AND SENTENCED TO THE LOW END OF THE GUIDELINE WOULD PLACE HIS SENTENCE AT 135 MONTHS.

THE PETITIONER ALSO REQUESTS UPON RESENTENCING THAT THE DISTRICT COURT TAKE INTO CONSIDERATION THE RELEVANT FACTORS SET FORTH IN TITLE 18 U.S.C. § 3553 (a). **TO THE EXTENT THAT THEY ARE APPLICABLE. AS WELL AS THE SUPREME COURT RULING UNDER, UNITED STATES VS. BOOKER,** 543 U.S. 220, 263 (2005). SEE. U.S. VS. HICKS, 472 F.3d 1167 (9TH CIR. 2007), (HOLDING THAT **WHEN A DEFENDANT IS RE-SENTENCED UNDER 18 U.S.C. § 3582 (c)(2),** BASED ON A SUBSEQUENT AMENDMENT TO THE GUIDELINES HE IS ENTITLED TO BE RESENTENCED UNDER THE ADVISORY SCHEME OF SENTENCING GUIDELINES UNDER THE **BOOKER** DECISION).

UNDER TITLE 18 U.S.C. **§ 3553(a)(D)(6),** A SENTENCING COURT MAY TAKE UNWARRANTED SENTENCING DISPARITIES AMONG DEFENDANT'S WITH SIMILAR RECORDS WHO HAVE BEEN FOUND GUILTY OF SIMILAR CONDUCT INTO

ACCOUNT WHEN SENTENCING DEFENDANT'S UNDER THE ADVISORY SENTENCING GUIDELINES. SEE. U.S. VS. LEROY, 373 F.SUPP. 2d 887 (E.D. WIS.2005); SIMON VS. U.S., 361 F.SUPP. 2d 35 (E.D.N.Y. 2005); U.S. VS. CLARY, 846 F.SUPP. 2d 768 (E.D.MO. 1994); U.S. VS. PICKETT, 475 F.3d 1347 (D.C. CIR. 2007); AND U.S. VS. GUNTER, 462 F.3d 237 (3rd. CIR.2006).

SINCE THIS COURT WILL BE SENTENCING THE PETITIONER UNDER THE ADVISORY SENTENCING GUIDELINES THE PETITIONER WOULD REQUEST AN ADDITIONAL DEPARTURE BASED ON THE DISPARTIES AMONG THE DEFENDANT'S SENTENCED FOR "CRACK COCAINE" VERSUS DEFENDANT'S SENTENCED FOR "POWDER COCAINE".

THE GOVERNMENT'S POSITION WOULD NOT BE PREJUDICED BY THE DISTRICT COURT'S GRANTING OF THIS MOTION AND REQUEST.

### REASONS FOR CONSIDERATTION OF PETITITONER'S MOTION

PETITIONER HAS COMPLETED CLOSE TO EIGHT YEARS AND EIGHT MONTHS (104 MONTHS) OF HIS SENTENCE IN THE FEDERAL BUREAU OF PRISONS. HE HAS MAINTAINED CLEAR CONDUCT AND PARTICIPATED IN REHABILITATIONAL PROGRAMS FOR THE PURPOSE OF IMPROVING HIS LIFE AND THAT OF HIS FAMILY ONCE HE IS RELEASED FROM HIS INCARCERATION.

PETITIONER HAS A GOOD EMPLOYMENT RECORD HERE AT THE INSTITUTION. DEFENDANT EARNS MONEY FROM HIS EMPLOYMENT HERE FOR HIMSELF SO AS NOT TO BE A BURDEN ON HIS FAMILY; THIS ALSO HELPED HIM PAY HIS COURT ASSESSMENTS ORDERED BY THIS COURT.

PETITIONER WANTS THIS COURT TO KNOW THAT HE UNDERSTANDS THAT HE HAS COMITTED A SERIOUS CRIME AND THAT HE HAS ACCEPTED HIS RESPONSIBILITY FOR THAT CRIME AND HE HAS LEARNED FROM HIS MISTAKES AND USED HIS INCARCERATION TO BETTER HIMSELF AS NOTED IN THE ATTACHMENTS.

## CONCLUSION

IN LIGHT OF THE FOREGOING AUTHORITIES PETITIONER FURTHER ASSERTS THAT THIS COMPLAINT SHOULD NOT BE DISMISSED FOR FAILURE TO STATE A CLAIM, UNLESS IT APPEARS BEYOND A REASONABLE DOUBT OR PETITIONER CAN PROVE NO SET OF FACTS IN SUPPORT OF HIS CLAIM, WHICH WOULD ENTITLE HIM TO RELIEF SEE; HANINES VS. KERNER, 404 U.S. 519, 30 L.Ed 652, 92 S.Ct. 594 (1972). FURTHERMORE IN HANLE VS. ESTELLE, 623 F.2d 1273 (1980), ANY PRO/SE PETITIONER CANNOT BE ASSUMED TO HAVE KNOWLEDGE OF FEDERAL OR STATE LEGAL PROCEEDURES OR THE LEGAL BASIS WHICH MAY JUSTIFY RELIEF AND CANNOT BE PENALIZED DUE TO HIS INEXPERIENCES WITH THE LAW OF THE LAND.

A PETITIONER WHO FAILS TO SATISFY THE CAUSE AND PREJUDICE STANDARD, MAY NONTHELESS BE ENTITLED TO RELIEF IF HE CAN SHOW THAT IMPOSITION OF PROCEDURAL BAR WOULD CONSTITUTE A MISCARRIAGE OF JUSTICE.

PETITIONER COMES BEFORE THIS HONORABLE COURT, AND WITH THIS PRO/SE MOTION, AND ASKS THIS COURT TO LET JUSTICE BE DONE. PETITIONER STATES THIS IS THE TIME AND THE PLACE TO MAKE RIGHT THESE ISSUES. PLAINTIFF'S MOTION SHOULD BE GRANTED IN ACCORDANCE AND COMPLIANCE WITH ALL FEDERAL LAWS AND RELIEF THIS HONORABLE COURT DEEMS JUST AND PROPER.

RESPECTFULLY SUBMITTED,

JUAN RIVERA RIVERA # 18155-069
PROCEEDING PRO/SE
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 1010
BASTROP, TEXAS 78602

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING MOTION TO MODIFY SENTENCE UNDER 18 U.S.C. § 3582 (c)(2) AND MEMORANDUM IN SUPPORT THEREOF HAS BEEN FORWARDED BY UNITED STATES MAIL, POSTAGE PRE-PAID, FIRST CLASS, CERTIFIED RECEIPT TO THE FOLLOWING PERSON OF INTEREST.

MAIL TO:

OFFICE OF THE UNITED STATES ATTORNEY
452 FEDERAL OFFICE BUILDING
150 CARLOS E. CHARDON AVENUE
HATO REY, PR 00918

*[signature]*
JUAN RIVERA RIVERA
INMATE # 18155-069
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 1010
BASTROP, TEXAS 78602